IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6216

CIV-LENARD-LENARD

MAGISTRATE JUDGE
TURNOFF

CIGNA PROPERTY AND CASUALTY,
as subrogee of Richard Rader,

    Plaintiff,

vs.

R.P.M. DIESEL ENGINE CO., DETROIT
DIESEL CORPORATION and STURDY
CORPORATION,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs, CIGNA PROPERTY AND CASUALTY, as subrogee of Richard Rader, by and through the undersigned counsel and files this Complaint for Damages against Defendants, RPM DIESEL, DETROIT DIESEL CORPORATION and STURDY CORPORATION and upon information and belief asserts the following:

## JURISDICTION

1.     All acts relevant to this Complaint occurred in Broward County, Florida.

2.     The incident which resulted in property damage occurred on the Navigable waters of the United States and Plaintiff hereby invokes the Admiralty Laws of the United States and the jurisdiction of the Federal Courts pursuant to the Rules of Federal Civil Procedure and 28 U.S.C.A. Section 1333.



## GENERAL ALLEGATIONS

3. On or about December 11, 1997, the M/V "90 Days Away" was owned by Richard Rader, Tommy Gandolfo, Stephen Colse.

4. On or about December 11, 1997, Mr. Mark Wells was a permissive user of the vessel M/V "90 Days Away" and as such he engaged Captain Enrique "Rick" Tasis to pilot the vessel.

5. While maneuvering the vessel on December 11, 1997, Captain Tasis, despite his every effort, was unable to get the vessel's engines to respond to his attempts to put the starboard engine in reverse because the actuator malfunctioned. As a result, the M/V "90 Days Away" collided with the M/V "Ailie".

6. That at all times hereinafter mentioned, the Plaintiff, CIGNA INSURANCE COMPANY, was an authorized insurer licensed to do business in the State of Florida and maintained a certain policy of insurance insuring Richard Rader, the owner of M/V "90 Days Away".

7. That as a result of the collision between the two vessels previously noted; M/V "90 Days Away" and M/V "Ailie", CIGNA INSURANCE COMPANY did make payment to the respective owners of said vessels as outlined further herein.

8. That as a result of said payment, CIGNA INSURANCE COMPANY has become duly subrogated to the rights of the owners M/V "90 Days Away" and M/V "Ailie" and hereby exercises those subrogation rights.

## **PRODUCT STRICT LIABILITY**

9.  DETROIT DIESEL is in the business of manufacturing marine parts, motors and/or mechanical accessories.

10. DETROIT DIESEL CORPORATION manufactured the actuator that malfunctioned causing the M/V "90 Days Away" to collide with the M/V "Ailie."

11. Said actuator was manufactured for use in motor vessels such as the M/V "90 Days Away" and was placed in the stream of commerce by the Defendant, DETROIT DIESEL CORPORATION, for this purpose.

12. The Defendant, STURDY CORPORATION, was in the business of distributing, selling or otherwise placing marine products, such as the actuator here in question, into the stream of commerce to be used on motor vessels like the M/V "90 Days Away".

13. The product was received from the manufacturer and/or supplier and installed on the vessel the M/V "90 Days Away" without undergoing any substantial change or modification.

14. Because an actuator is designed to control the engine direction of large watercraft while underway, an actuator is a dangerous instrumentality by design.

15. The actuator failed to respond to the captain's attempts to place the motor vessel in reverse, despite the fact that it was allegedly designed to respond as attempted by the captain. Said failure, therefore, could only have occurred as a result of negligent design or manufacture.

16.  As a result of the defects in the actuator the M/V "90 Days Away" did not have normal use and control of its engines and, therefore, was unable to properly and safely maneuver the motor vessel.

17.  The normal function of an actuator is to shift the engines of a motor vessel to either forward, neutral or reverse. On December 11, 1997, the actuator herein question did not perform its normal and expected function; thereby, causing the M/V "90 Days Away" to impact the M/V "Ailie". The malfunction in the performance of the engines of the M/V "90 Days Away" would not have occurred but for a defect in the actuator unit itself.

WHEREAS the negligent design of the actuator resulted in an inability to control the motor vessel on which it was installed (the M/V "90 Days Away") while in its normal use and operation, causing the M/V "90 Days Away" to collide with another motor vessel the M/V "Ailie" resulting in damages of $22,226.36 to the M/V "Ailie" and $5,500.00 damages to the M/V "90 Days Away", the Plaintiff respectfully asks this Court to enter judgment in its favor awarding damages in the aforementioned amount plus court cost, interest and expenses and any other relief this Court deems just and appropriate.

## **NEGLIGENCE**

18.  The Defendant, RPM DIESEL, was contracted by the Defendant, STURDY CORPORATION, to install the actuator unit on the M/V "90 Days Away".

19.  The Defendant, RPM DIESEL, was subsequently hired to make certain repairs and modifications on the M/V "90 Days Away"

20.  As a result of Defendant's, RPM DIESEL's, negligence during its installation, modification or repair work on the M/V "90 Days Away" the actuator or an appurtenance

thereto was damaged; thereby, causing the actuator's malfunction which resulted in the collision between the M/V "90 Days Away" and the M/V "Ailie".

WHEREAS the negligent installation, modification or repair work performed by STURDY CORPORATION while on the M/V "90 Days Away" caused the motor vessel to fail to respond causing the M/V "90 Days Away" to collide with another motor vessel the M/V "Ailie" resulting in $22,226.30 damages to the M/V "Ailie" and $5,500.00 damages to the M/V "90 Days Away" (other than to the actuator itself), the Plaintiff respectfully asks this Court to enter judgment in its favor awarding damages in the aforementioned amount plus court cost, interest and expenses and any other relief this Court deems just and appropriate.

DATED: February 9th, 2000.

        FERTIG AND GRAMLING
        Attorneys for Plaintiff
        200 S.E. 13th Street
        Fort Lauderdale, FL 33316
        (954) 763-5020 (Broward)
        (305) 945-6250 (Dade)

        By: _____
        Mark F. Dickson, Esq.
        F.B.N. 191766

H:\LIB\EDSI\DOCS\7663\229187.WPD/lla

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

CIGNA PROPERTY AND CASUALTY,
as subrogee of Richard Rader

**DEFENDANTS**

R.P.M. DIESEL ENGINE CO. DETROIT DIESEL CORPORATION and ???? CORPORATION

00-6216 CIV-LENARD
MAGISTRATE DUBE
CIV-LENARD
MAGISTRATE TURNOFF

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Mark F. Dickson, Esq.   954/763-5020
FERTIG AND GRAMLING
200 S.E. 13th Street, Ftl., FL 33316

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated of Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff invokes admiralty jurisdiction based on an allision of two vessels on navigable waters and the property damage resulting therefrom

**IVa.** 3 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 States Reapportment |
| 120 Marine | 310 Airplane | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 362 Personal Injury-Med Malpractice | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury-Product Liability | A PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. B |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) B | 345 Marine Product Liability | 370 Other Fraud | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits B | 350 Motor Vehicle | 371 Truth in Lending B | B SOCIAL SECURITY | 850 Securities/Commodities/Exchange |
| 160 Stockholder's Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 861 HIA (1395ff) | 875 Customer Challenge 12USC3410 |
| 190 Other Contract | 360 Other Personal Injury | [X] 385 Property Damage Product Liability | 862 Black Lung (923) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 863 DIWC/DIWW (405(g)) | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 865 RSI (405(g)) | 894 Energy Allocation Act |
| 220 Foreclosure B | 442 Employment | Habeas Corpus | A LABOR | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General * | 710 Fair Labor Standards Act | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 720 Labor Management Relations B | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other * | 730 Labor Management Reporting & Disclosure Act | 890 Other Statutory Actions * |
| 290 All Other Real Property | | 550 Civil Rights * A or B | A FEDERAL TAX SUITS | * A or B |
| | | | 740 Railway Labor Act | |
| | | | 790 Other Labor Litigation | |
| | | | 791 Employee Ret. Inc. Security Act B | 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | 871 IRS-Third Party 26 USC 7609 |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- [X] 1. Original Proceeding
- [ ] 2. Removed From State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (Specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A CLASS ACTION
- [ ] UNDER F.R.C.P. 23

DEMAND $ _____   Check YES only if demanded in complaint:

JURY DEMAND:   [ ] YES   [X] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 2/9/00

SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 518562    Amount: $150.00
Date Paid: _____    M/fp: _____

Filed stamp: 00 FEB 14 AM 11:52 CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. FLA. FTL