UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 00-6216-CIV-LENARD
MAGISTRATE: TURNOFF

CIGNA PROPERTY AND CASUALTY,
as subrogee of Richard Rader,

Plaintiff,

vs.

DETROIT DIESEL CORPORATION,

Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, DETROIT DIESEL CORPORATION ("Detroit Diesel"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses, and states as follows:

1.  Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

2.  Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

3.  Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

4. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

5. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

6. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

7. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

8. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

## COUNT I – PRODUCT STRICT LIABILITY

9. Detroit Diesel admits so much of paragraph 9 as states that it manufactures, in part, marine engines.

10. Denied.

11. Denied.

12. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

13. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

14. Denied.

15. Denied.

## COUNT II – NEGLIGENCE

16. Denied.

17. Detroit Diesel admits the first sentence in paragraph 17; Detroit Diesel denies any and all other allegations in paragraph 17.

18. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

19. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

20. Detroit Diesel is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore, denies the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Detroit Diesel specifically denies all allegations of duty, breach, negligence, defect, strict liability, causation and all forms of damages and demands strict proof thereof.

### Second Affirmative Defense

The complaint, in whole or part, fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

Plaintiff and/or Subrogor was guilty of comparative negligence at the time and place set forth in the complaint which negligence was the proximate cause of Plaintiff's and/or Subrogor's

damages, and which comparative negligence operates to bar, in whole or in part, the claims asserted by the Plaintiff and/or Subrogor.

### Fourth Affirmative Defense

Plaintiff and/or Subrogor cannot recover against Detroit Diesel on any claim asserted because there was no causal relationship between the actions of Detroit Diesel and the alleged defective condition of the product referred to in the complaint. Further, Detroit Diesel is not responsible for any acts or omissions which legally caused any of the alleged damages.

### Fifth Affirmative Defense

To the extent Plaintiff's and/or Subrogor's alleged damages were caused by the actions, omissions or products of third parties, Plaintiff's and/or Subrogor's claims are barred, in whole or part.

### Sixth Affirmative Defense

To the extent Plaintiff's and/or Subrogor's claims were caused by the misuse, abuse, modification, alternation or acts of third persons with regard to the product in question, Plaintiff's and/or Subrogor's claims are barred, in whole or part.

### Seventh Affirmative Defense

The product in question met or exceeded any standards of the industry at the time of its manufacture, sale or distribution.

### Eighth Affirmative Defense

Plaintiff's and/or Subrogor's claims are barred in whole or part to the extent that the product in question may have been substantially altered after it left the possession, custody or control of this defendant.

### Ninth Affirmative Defense

While Detroit Diesel denies all averments of defect, fault, liability or damages on its part, Detroit Diesel states that any damages awarded to Plaintiff and/or Subrogor must be defeated or

reduced in proportion of Plaintiff's and/or Subrogor's percentage of responsibility by the doctrine of comparative fault.

### Tenth Affirmative Defense

The product in question conformed to the state of the art of the warnings, design and manufacture of such or similar products at the time the product was manufactured.

### Eleventh Affirmative Defense

The incident referred to in the complaint was the result, in whole or in part, of the negligence or fault of one or more third persons or entities over which Detroit Diesel had no dominion, authority or control, and, as a result, Detroit Diesel is entitled to have its liability to the Plaintiff and/or Subrogor, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of Florida Statute section 768.81. The persons or entities referred to in this paragraph are presently unknown to Detroit Diesel.

To the extent any recovery is permitted in this case, pursuant to section 768.31 and 768.81, Florida Statutes, judgment must be entered on the defendant's percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability

### Twelfth Affirmative Defense

Upon information and belief Plaintiff and/or Subrogor has failed to mitigate any losses and damages.

Case No: 00-6216-CIV-LENARD

### Thirteenth Affirmative Defense

Detroit Diesel expressly reserves the right to amend, delete and/or add additional defenses as discovery and investigation in this matter proceeds.

Respectfully Submitted,

CARLTON, FIELDS, WARD,
EMMANUEL, SMITH & CUTLER, P.A.

Attorneys for Detroit Diesel Corporation
NationsBank Tower at International Place
100 Southeast Second Street, Suite 4000
Miami, Florida 33131
Phone: (305) 530-0050
Fax: (305) 530-0055
e-mail: dchum@carltonfields.com

By: _____
DOUGLAS J. CHUMBLEY
Florida Bar No. 0356301

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile and U.S. Mail to Mark F. Dickson, Esq., Fertig and Gramling, 200 S.E. 13th Street, Fort Lauderdale, Florida 33316 this 21 day of April 2000.

_____

2064648